PORTER | SCOTT
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
Ryan P. O'Connor, SBN 304815
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF SACRAMENTO
***Exempt From Filing Fees Pursuant to Government Code § 6103***

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOHN REYES,

Plaintiff,

vs.

COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy PAUL PFEIFER (Badge #1398) and DOES I-XX, inclusive,

Defendants.

______________________________/

**Sacramento Case No.** 34-2015-00184139

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C 1441 (a) (FEDERAL QUESTION JURISDICTION)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant COUNTY OF SACRAMENTO hereby removes the above-captioned action from the Superior Court of the State of California, Sacramento County, to the United States District Court for the Eastern District of California. Removal is based upon, *inter alia*, the following grounds:

1. On or about September 10, 2015, Plaintiff JOHN REYES commenced an action in the Superior Court of the State of California, Sacramento County, entitled *John Reyes v. County of Sacramento, et al.*, Case No. 34-2015-00184139, against Defendant COUNTY OF SACRAMENTO, and others.

///



PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

2. September 25, 2015, Plaintiff provided counsel for Defendant Pfeifer with a copy of the Complaint and counsel for Pfeifer agreed to accept service of process on that date for all Defendants. All pleadings and orders filed in Sacramento County Superior Court, Case No. 34-2015-00176951, of which Defendant is aware are the Complaint (attached as Exhibit A) and answers of Defendant County (attached as Exhibit B) and Defendant Pfeifer. Defendant County does not have a copy of the Answer by Defendant Pfeifer but will file it promptly with this court upon receipt.

3. The Claims of the Complaint allege violations of the U.S. Constitution and are brought pursuant to 42 U.S.C. § 1983. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1443 since Plaintiffs allege violation of the laws of the United States.

4. Venue is proper in this District because this District includes the Sacramento County Superior Court, the forum in which the removed action was pending. In addition, Defendant is located in this judicial District and the all alleged acts identified in the Complaint would have occurred within this District. 28 U.S.C. § 1391(b).

5. On October 22, 2015, I acquired consent and joinder in removal of the above matter of Defendant Pfeifer from Robert Chalfant, counsel for Defendant Pfeifer.

6. Defendant County will promptly file a Notice of this Removal with the Clerk of the Sacramento County Superior Court and serve the Notice on all parties who have appeared in this action.

7. This Notice of Removal was filed within thirty days of Plaintiffs providing Defendant with a copy of the Summons and Complaint of the above-entitled action.

8. Based on the foregoing, this Court has jurisdiction over this action. Accordingly, this action is properly removed.

///

///

///

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

9. This Notice is submitted in accordance with 28 U.S.C. § 1446 (a) and is signed pursuant to Federal Rule of Civil Procedure 11.

Dated: October 23, 2015

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
Terence J. Cassidy
John R. Whitefleet
Attorneys for Defendants
COUNTY OF SACRAMENTO

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

# EXHIBIT A

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff

FILED
Superior Court Of California, Sacramento
09/10/2015
cfreeman3
By ________________, Deputy
Case Number:
34-2015-00184139

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

JOHN REYES,

Plaintiff,

vs.

COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy PAUL PFEIFER (Badge #1398); and DOES I - XX, inclusive,

Defendants.

_______________________________/

NO.

**COMPLAINT FOR DAMAGES (UNLIMITED CIVIL)**

**FEDERAL CLAIMS - (1) Unreasonable Search and Seizure/Wrongful Arrest, (2) Excessive Force, (3) Supervisory Liability – Failure to Discipline/Investigate, (4) Supervisory Liability – Ratification, (5) Entity Liability/Unconstitutional Practices; STATE LAW CLAIMS- (6) Battery; (7) Negligence, (8) False Arrest; (9) Bane Act**

**JURY TRIAL DEMANDED**

Plaintiff JOHN REYES complains and alleges as follows:

**INTRODUCTION**

1. This complaint arises out of the unnecessary, unreasonable and barely provoked vicious attack of Plaintiff John Reyes by Sacramento County Sheriff's Department Deputy Paul Pfeifer on or about December 9, 2014.

2. This lawsuit for the violation of federal civil rights laws is being brought in state court so that the residents of the County of Sacramento have an opportunity to act as both the conscience of their community regarding police misconduct and also to be

empowered with the opportunity to take appropriate steps to deter future law enforcement misconduct.

3. On the day in question, for no reason other than an apparent reaction to a "contempt of cop" conduct, Deputy Pfeifer tasered, pepper-sprayed and beat Plaintiff in the middle of the street, in broad day-light, with his department-issued flashlight (as discussed below, the County of Sacramento has a practice of routinely allowing deputies to use flashlights as unauthorized impact weapons). The wrongful attack was witnessed by many citizens who were appalled by the conduct, some of whom recorded the deputy's illegal conduct.

4. After the attack, in which Plaintiff sustained a broken nose, broken ribs, a large laceration of his skull and several bruises/contusions, Deputy Pfeifer tried to avoid the consequences of his actions by falsely arresting Plaintiff for resisting arrest. The District Attorney's office refused to file any criminal charges against Plaintiff.

5. The Sacramento County Sheriff's Department failed to refer the actions of Deputy Pfeifer to the District Attorney's office for criminal prosecution. Through this action, Plaintiff seeks to hold Deputy Pfeifer, the involved supervisory defendants and the County of Sacramento civilly liable for their insidious conduct and the injuries and damages to Plaintiff and the public that resulted.

**JURISDICTION/VENUE**

6. All of the conduct that is alleged herein occurred within the County of Sacramento. Venue lies in the Superior Court for Sacramento County. Plaintiff's damages exceed $25,000, thus this is an unlimited civil action.

**PARTIES**

7. During all times mentioned in this Complaint, Plaintiff John Reyes is and was a United States citizen. Plaintiff resides in the County of Sacramento, California.

8. Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

9. Defendant Paul Pfeifer (Badge #1398) was at all times mentioned in this

Complaint a Sacramento County Sheriff's Department Deputy employed by the County of Sacramento. All of Defendant Pfeifer's actions described in this Complaint were taken while he was acting under color of state law that was invested in him by virtue of his employment as a sheriff's deputy.

10. The true names and identities of Defendants Does I through X are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of Defendants Does I through X was employed by the County of Sacramento at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants Does I through X was responsible for the training and supervision of the deputies involved in this incident. Plaintiff alleges that each of the Defendants Does I through X were, as of their own actions and failure to act, responsible for and caused the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants Does I through X have been ascertained.

11. The true names and identities of Defendants Does XI through XX are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of Defendants Does XI through XX was employed by the County of Sacramento at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants Does XI through XX was responsible for the policies and de facto policies (i.e., customs and practices) at issue in this case. Plaintiff alleges that these policies were a cause of the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants Does XI through XX have been ascertained.

12. Each individual Defendant, to the extent that they engaged in any acts or omissions alleged herein, engaged in such acts and/or omissions under color of state law.

**COMPLIANCE WITH GOVERNMENT TORT CLAIM PROCEDURES**

13. Plaintiff filed a timely government tort claim with the County of Sacramento on or about January 5, 2015, regarding the injuries giving rise to this lawsuit, as a precondition to the state law claims alleged in this action.

14. The County of Sacramento sent a letter on January 8, 2015, informing Reyes

that the claim was received. Because the County of Sacramento has yet to act on the tort claim and more than 45 days have passed, it may be deemed rejected by operation of law.

**FACTUAL BACKDROP**

15. Sacramento County Sheriff's Deputy Paul Pfeifer has a propensity to use excessive force in response to what he perceives as "contempt of cop." ("Contempt of cop" as used in this complaint means actions or words by an individual that are subjectively perceived by an officer(s) as either challenging, disrespecting or disregarding the officer's position of authority.) Defendant Pfeifer has previously displayed this propensity of excessive force on multiple occasions, including two previous incidents which resulted in federal lawsuits, *Treschuk v. County of Sacramento*, E.D. Cal. 2:09-cv-00691 and *Donohue v. Sacramento County Sheriff's Department*, E.D. Cal. 2:15-cv-01488. In *Treschuk*, the Plaintiff challenged the warrantless entry into her fiance's home, actions which Defendant Pfeifer perceived as "contempt of cop." As in this case, Defendant Pfeifer used excessive force and then attempted to insulate himself from the consequences of his actions by arresting the victim for resisting arrest. The District Attorney dismissed the criminal charges against her following a jury trial, and the civil action settled. The *Donahue* case is still pending. In that case, Deputy Pfeifer administered another brutal beating, using his flashlight, on a person whose earlier conduct was perceived by Pfeifer as being in "contempt of cop" having engaged in a pursuit which had terminated prior to Pfeifer's use of the flashlight as a club/weapon.

16. Defendants County of Sacramento and Does I through X became aware of Deputy Pfeifer's predilection to use excessive force in part due to the litigation in *Treschuk v. County of Sacramento* and *Donohue v. Sacramento County Sheriff's Department*.

17. Despite knowing of Deputy Pfeifer's previous conduct, which clearly warranted discipline and remedial training, none of Defendants Does I through X or anyone else individually on behalf of the County of Sacramento has ever disciplined Deputy Pfeifer or provided him with any remedial training.

18. Defendants Does I through X have individually and collectively failed to

adequately discipline sheriff's deputies, including Deputy Pfeifer, to prevent the excessive and unnecessary use of force and wrongful arrests. This failure to discipline caused Deputy Pfeifer to feel free to attack John Reyes as he did on December 9, 2014, without any fear of repercussion.

19. Defendants Does I through X have also failed to adequately train and supervise sheriff's deputies on the proper use of force, including the use of impact-weapons, tasers and other uses of force likely to result or actually resulting in serious injury or death. This failure to adequately supervise and train deputies has caused individual deputies to use excessive force more often than they would have had they been properly supervised and trained.

20. As to Deputy Pfeifer specifically, Defendants Does I through X failed to adequately supervise and train Deputy Pfeifer following his use of unjustified and excessive force as described in the complaints in *Treschuk v. County of Sacramento* and *Donohue v. Sacramento County Sheriff's Department*. Defendants Does I through X failed to provide him with any remedial training and/or additional supervision. As a result of the inadequate supervision and training by Sacramento County and Defendants Does I through X following these incidents, Deputy Pfeifer used unjustified and excessive force again, this time against John Reyes on December 9, 2014.

21. Defendants Does XI through XX have failed to provide proper training, supervision, guidelines, policies, procedures and discipline regarding deputies' use of the department-issued flashlight as an impact weapon. This failure resulted in Deputy Pfeifer improperly using a metal flashlight as his impact weapon of choice to beat Plaintiff John Reyes on December 9, 2014. Prior to this incident, the department was on actual notice of the individual deputies' practice of using flashlights, which are essentially weighted metal pipes, as their impact weapon of choice. In his testimony in the pending wrongful death action, *Rose v. County of Sacramento*, No. 2:13-cv-01339 TLN EFB, Deputy David McEntire acknowledged his use of the flashlight in this manner and specifically acknowledged that this had been his practice for years and that the practice had never been

questioned or rebuked by his supervisors.

22. Plaintiff John Reyes is a 51 year-old Hispanic male who resides in Carmichael, California, where he has lived for most of his life. At the time of this incident, Reyes lived with his mother near the intersection of Fair Oaks Boulevard and Landis Avenue where the events described herein took place. Reyes had lived with his mother on and off for most of the previous 15 years. Reyes has worked in construction, as a handyman and operated a business that leased power generators to state and federal firefighting entities. Recently, he has assisted with his mother's in-home care.

23. Reyes has three children, including a son who is an active duty member of the Marine Corps, a son who is a police officer for another law enforcement agency within Sacramento County and a member of the Marine Corps Reserves, and a daughter who works as a caregiver for an elderly family member.

**DEPUTY PFEIFER'S ATTACK ON REYES**

24. On the afternoon of December 9, 2014, Reyes left his mother's house and walked to a nearby store for groceries. He wore his work clothes (black pants, a collared shirt, jacket and belt) and took with him a plastic carry-all basket.

25. Reyes was walking home with groceries in his basket when he approached the intersection of Fair Oaks Boulevard and Landis Avenue, Carmichael, where a marked Sacramento County Sheriff's Department car was protruding over the stop line on Landis Avenue, blocking Reyes' path to walk across the street.

26. Through the car's partially open window, Reyes saw a sheriff's deputy, Defendant Pfeifer, seated in the driver's seat. Pfeifer wore olive-colored tactical garb which was department-approved attire, though not an official sheriff's department uniform. Reyes stated words to the effect of "Deputy, can you move the car?" Deputy Pfeifer made no verbal response but rolled the car window all the way down and glared icily at Reyes.

27. Reyes began to cross the intersection, walking around and in front of the patrol car that was blocking his direct path. As he walked, Reyes stated aloud words to the effect of "Move your fucking squad car." Apparently this second request angered Deputy

Pfeifer, who responded by pulling the car forward and getting out to viciously attack Reyes.

28. Deputy Pfeifer stated words to the effect of "You want attention? I'll give you attention." In response to Reyes' question, "What did I do?" Deputy Pfeifer stated "You're on Probation."

29. Deputy Pfeifer approached Reyes and without warning slammed Reyes' head onto the passenger side hood of the car causing him to drop his basket, and the food it contained spilled out across the pavement. Deputy Pfeifer used an "arm bar" hold on Reyes. While holding Reyes' head on the hood of the car, Deputy Pfeifer retrieved his OC pepper spray from his belt and, without giving any warning or direction, blasted pepper spray into both of Reyes' eyes.

30. The pepper spray, which shot directly into Reyes' eyes, caused him to react and step back from the patrol car by two or three steps.

31. Deputy Pfeifer then drew his taser and used it to shoot Reyes. Defendant Pfeifer pulled the trigger multiple times with the dart still in Reyes, triggering multiple electronic discharges. As a result of being tasered, Reyes staggered several steps and then collapsed face down on the ground.

32. As Reyes lay on his stomach, Deputy Pfeifer ordered him to turn over onto his back. Reyes could not comply because he still could not volitionally move his legs following the electrical charges from the taser.

33. Deputy Pfeifer began to methodically and calmly circle the prone Reyes while repeatedly striking him on his torso and head with his department-issued Streamlight SL-20, a long metal flashlight. Deputy Pfeifer used his boot to hold and grind Reyes' head. Defendant Pfeifer temporarily lifted his foot at least once in order to stomp on Reyes' head. Reyes did not fight back. Deputy Pfeifer gave no further directions to the helpless Reyes but continued to beat him with the flashlight.

34. Several horrified onlookers watched and recorded Deputy Pfeifer's attack on Reyes, who lay helpless in the road. Reyes called out for help and at least one bystander called out that the attack was being filmed in an attempt to get it to stop.

35. Deputy Pfeifer only stopped beating Reyes as the increasingly loud sirens announced the imminent arrival of additional sheriff's vehicles.

36. After the attack, in an effort to avoid accepting responsibility for his actions, and in a desperate attempt to justify the injuries he had just inflicted, Deputy Pfeifer placed Reyes under arrest for resisting arrest.

37. Reyes was taken by ambulance to Mercy San Juan Hospital.

38. Reyes sustained injuries, including a large laceration above his left eye, several other abrasions and lacerations, a broken nose, broken ribs, a concussion, numerous hematomas and bruises. See photograph, Exhibit A.

39. In the emergency room, Reyes received stitches and it was determined that his injuries were not life-threatening.

40. Reyes was then taken to the jail where he was booked on charges of resisting arrest..

41. The District Attorney refused to file any charges against Reyes in connection with this incident.

42. Several days after the assault, Reyes returned to the hospital for additional treatment for migraine-like headaches, increasing soreness in his neck and shoulders, inability to sleep and continuing pain.

43. In addition to the physical injuries described above, Reyes has suffered emotional distress, a loss of freedom, medical expenses and the violation of his state and federal constitutional rights.

44. To this day, Reyes still suffers from a stiff neck, neck and shoulder pain, sore ribs, headaches and pain above his eye. The cut above his eye left a permanent scar.

45. Video recordings of the attack were broadcast by several media outlets, forcing the Sacramento County Sheriff's Department to initiate an investigation into the incident. Televised comments by a senior sheriff's department official made clear that in the department's view, Reyes was responsible for his own beating.

**COUNTY LIABILITY FOR POLICIES AND PRACTICES**

46. The importance and value of tracking individual officers' uses of force has been widely recognized and accepted in law enforcement for at least twenty (20) years and, in particular, as a result of the Christopher Commission report in the aftermath of the Rodney King case. Despite having the data and means to easily do so, the Sacramento County Sheriff's Department has a de facto policy of refusing to track both uses of force by the department as a whole and uses of force by individual deputies.

47. The Sacramento County Sheriff's Department's refusal to track individual deputies' uses of force for the purpose of identifying potential problem deputies has caused its deputies to commit unjustified uses of excessive force in greater numbers than they would if the department tracked and reviewed uses of force.

48. But for the County of Sacramento's de facto policy of consciously refusing to track or review the number of uses of force by individual deputies, the Sacramento County Sheriff's Department would have been on notice that the number of uses of force attributed to Deputy Pfeifer was unusually high. The unusually high number of uses of force attributed to Deputy Pfeifer would have alerted any reasonable supervisor to Pfeifer's need for termination, discipline and/or remediation.

49. Defendant County of Sacramento also has a de facto policy of ignoring its own official, written policy concerning the departmental review of use of force incidents. In particular, the department has failed to follow its written policy of having the department's tactical review board, which exists in name only, review incidents such as this one. The tactical review board has never reviewed a use of force by a sheriff's deputy.

50. Defendant County of Sacramento displays a systemic failure of overlooking deputies' uses of unjustified and excessive force and not disciplining deputies for those uses of force or referring those uses of force, where warranted, to the District Attorney for criminal prosecution. Since 2008, there have been over 150 complaints of excessive force and over 35 officer-involved shootings. Not a single one of those incidents resulted in the Sacramento County Sheriff's Department asking the District Attorney's office to consider

filing charges against one of its deputies.

51. Defendant County of Sacramento's failure to conform to its official, written policy regarding the departmental review of use of force incidents and its systemic failure of overlooking the use of excessive force by its deputies has caused those deputies, including Deputy Pfeifer, to feel free to use unjustified and excessive force without fear of repercussion, resulting in a much higher number of excessive force incidents.

52. Defendant County of Sacramento also has a de facto policy of permitting and in fact encouraging deputies to routinely use metal flashlights as their impact weapon of choice. This de facto policy resulted in Deputy Pfeifer's improper use of his metal flashlight to attack Plaintiff on December 9, 2014.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Unreasonable Seizure/ Wrongful Arrest**
**(42 U.S.C. § 1983)**
*(Brought against Defendant Pfeifer)*

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52, as though fully set forth herein.

54. The actions of Defendant Pfeifer alleged herein in arresting Reyes constituted an unreasonable seizure/wrongful arrest in violation of the Fourth Amendment of the United States Constitution.

55. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein.

56. The aforementioned acts and/or omissions by Defendant Pfeifer were malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

///

///

///

**SECOND CAUSE OF ACTION**
**Excessive Force**
**(42 U.S.C. § 1983)**
*(Brought against Defendant Pfeifer)*

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56, as though fully set forth herein.

58. The actions of Defendant Pfeifer alleged herein in brutally attacking Reyes constituted an unreasonable and unnecessary use of force in violation of Reyes' rights as protected by the Fourth Amendment of the United States Constitution.

59. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein.

60. The aforementioned acts and/or omissions by Defendant Pfeifer were malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

**THIRD CAUSE OF ACTION**
**Supervisory Liability – Failure to Discipline/Investigate**
**(42 U.S.C. § 1983)**
*(Brought against Defendants Does I through X)*

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60, as though fully set forth herein.

62. The unlawful acts and omissions of Defendant Pfeifer as set forth in this Complaint were the foreseeable result of his individual supervisors' failure to impose corrective action, discipline and/or remedial training.

63. Defendants Does I through X knew and were deliberately indifferent to the fact that Deputy Pfeifer would continue to engage in a repeating pattern of unlawfully using excessive force in response to conduct that he perceived as being in "contempt of cop" unless he was terminated or provided with significant corrective action, discipline and/or remedial training. Despite having this knowledge, Defendants Does I through X failed to take any corrective action, impose any discipline or provide Defendant Pfeifer with any

remedial training to prevent him from continuing this pattern of unlawful conduct, which was both foreseeable and actually known, and to specifically prevent him from using excessive force on Plaintiff on or about December 9, 2014.

64. The aforementioned acts and/or omissions of said non-entity Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**
**Supervisory Liability - Ratification**
**(42 U.S.C. § 1983)**
*(Brought against Defendants Does I through X)*

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, as though fully set forth herein.

66. Upon information and belief, Defendant Does I through X became aware of Pfeifer's use of excessive force against Plaintiff and, acting with final policymaking authority for the Sacramento County Sheriff's Department, tacitly encouraged, ratified and/or approved of the violation of Plaintiff's constitutional rights.

67. As a direct and proximate result of the aforementioned acts and/omissions of Defendants Does I through X in tacitly encouraging, ratifying and/or approving of the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages as alleged herein.

68. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**
**Entity Liability/Unconstitutional Practices**
**(42 U.S.C. §1983)**
*(Brought against Defendant County of Sacramento)*

69. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68 as though fully set forth herein.

70. The aforementioned acts of Defendant Pfeifer in brutally attacking Plaintiff were the direct and proximate result of the following actual or de facto policies of the Sacramento County Sheriff's Department (hereinafter "department").

a. Despite having the data and means to easily do so, the department refuses to track both uses of force by the department as a whole and uses of force by individual deputies.

b. The department consistently fails to discipline its deputies for using excessive force.

c. The department does not refer any cases involving its deputies' uses of excessive force to the district attorney for prosecution.

d. The department never follows its own written policies regarding review of individual deputies' uses of force.

e. The department routinely allows deputies to use flashlights as an unauthorized impact weapon.

71. As a direct and proximate result of the aforementioned actual or de facto policies and procedures of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

**SIXTH CAUSE OF ACTION**

**Battery**

**(State Common Law)**

*(Brought against Defendants County of Sacramento and Deputy Pfeifer)*

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71, as though fully set forth herein.

73. The conduct of Deputy Pfeifer, the agent of Defendant County of Sacramento, in brutally attacking Reyes as alleged herein was without legal justification.

74. Defendant Pfeifer's conduct was wrongful, intentional and taken with willful disregard for Plaintiff's rights. His brutal use of force constituted a battery.

75. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages.

76. Defendant County of Sacramento is vicariously liable for the tortious conduct of Deputy Pfeifer, its employee.

**SEVENTH CAUSE OF ACTION**
**Negligence**
**(State Common Law)**
(*Brought against Defendants County of Sacramento and Deputy Pfeifer*)

77. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 76, as though fully set forth herein.

78. At all times, each Defendant owed Plaintiff a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

79. At all times, each Defendant owed Plaintiff a duty to act with reasonable care.

80. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

a. to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;

b. to refrain from wrongfully detaining or arresting Plaintiff or causing him to be wrongfully detained or arrested;

c. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

d. to refrain from abusing their authority granted them by law;

e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

81. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

82. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages.

83. Defendant County of Sacramento is vicariously liable for the tortious conduct

of Deputy Pfeifer, its employee.

**EIGHTH CAUSE OF ACTION**
**False Arrest**
(State Common Law)
*(Brought against Defendants County of Sacramento and Deputy Pfeifer)*

84. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 83, as though fully set forth herein.

85. The aforementioned acts and/or omissions of the Defendants as alleged herein, including but not limited to the arrest of Plaintiff without a warrant and without probable cause, constituted a false arrest under California State Law.

86. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss of personal liberty and damages alleged herein.

87. The aforementioned acts and/or omissions of the individually named Defendants were malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

88. Defendant County of Sacramento is vicariously liable for the false arrest caused by its employees and/or agents.

**NINTH CAUSE OF ACTION**
**Violation of Constitutional and Statutory Rights**
**by Threats, Intimidation or Coercion**
**(Bane Act claim: Actionable under Cal. Civil Code § 52.1(b))**
*(Brought against Defendants County of Sacramento and Deputy Pfeifer)*

89. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88, as though fully set forth herein.

90. Defendant Pfeifer's brutal attack on Reyes constituted a use of excessive force that was prohibited by both state and federal law and a violation of Reyes' right to be free from bodily restraint or harm. Specifically, Defendant Pfeifer's actions interfered with the exercise and enjoyment of Reyes' civil rights as guaranteed by the Fourth Amendment to the United States Constitution, and his rights under Article I, sections 1 and 13 of the

California Constitution and section 43 of the California Civil Code.

91. As a direct and proximate result of Defendant Pfeifer's actions, Reyes suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, emotional distress and other injuries.

92. Defendant Pfeifer's violations of Reyes' rights as guaranteed by California Civil Code § 52.1 (Bane Act) entitles Reyes to compensatory and punitive damages and attorneys' fees as provided for in sections 52.1(b) and 52 and requested herein.

93. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of exemplary and punitive damages.

94. Defendant County of Sacramento is vicariously liable for the tortious conduct of Deputy Pfeifer, its employee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2. For punitive and exemplary damages against each nonentity Defendant sued in his individual capacity as allowed by law (in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct);

3. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and as otherwise authorized by statute or law;

4. For costs of the suit; and,

5. For such other relief as the Court deems just and proper.

Dated: September 9, 2015

Respectfully submitted,

Stewart Katz,
Attorney for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Plaintiff John Reyes hereby demands trial by jury.

Dated: September 9, 2015

Stewart Katz,
Attorney for Plaintiff

# EXHIBIT A



SACRAMENTO COUNTY
OF CALIFORNIA
SUPERIOR COURT
GORDON D. SCHABER COURTHOUSE

FILED/ENDORSED

OCT 16  AM10:39

CIVIL CLERK'S

# EXHIBIT B

PORTER | SCOTT
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
Ryan P. O'Connor, SBN 304815
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF SACRAMENTO
***Exempt From Filing Fees Pursuant to Government Code § 6103***

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

JOHN REYES,

Plaintiff,

vs.

COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy PAUL PFEIFER (Badge #1398) and DOES I-XX, inclusive,

Defendants.

______________________________/

**Case No. 34-2015-00184139**

**DEFENDANT COUNTY OF SACRAMENTO'S ANSWER TO COMPLAINT**

COMES NOW Defendant answering the Complaint filed by Plaintiff JOHN REYES as follows:

**GENERAL DENIAL**

The answering Defendant denies generally and specifically each and every allegation of said Complaint and each and every alleged Cause of Action therein and further denies that Plaintiff was or will be damaged in any sum or sums whatsoever.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and through each separately stated Cause of Action, fails to state facts sufficient to constitute a viable cause of action against answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and through each separately stated Cause of Action, is barred by the Statute of Limitations described in California Government Code §§ 810 and 945.6 *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and through each separately stated Cause of Action, is barred under the doctrine set forth in McMillian v. Monroe County (1997) 117 S.Ct. 1734, in that the conduct complained of occurred, if at all, on behalf of the State and not the County.

**FOURTH AFFIRMATIVE DEFENSE**

Each act or omission alleged in the Complaint falls within the immunities and defenses described in to California Government Code §§ 815, 820.2, 820.4 and 821.6 *et seq*.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because of the doctrines of express or implied consent.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by his or her own careless, negligent, and willful conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff wrongfully, unlawfully, and maliciously made and threatened an assault and battery upon Defendant and himself provoked the alleged affray, and Defendant used no more than reasonable and necessary force in defense of themselves, their persons, and property.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant acted in self-defense, and/or defense of others at the time of the incident because Defendant reasonably believed Plaintiff was going to harm him or others, and the amount of force used by Defendant was reasonably necessary to protect himself and others.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because Plaintiff failed to exercise reasonable diligence so as to mitigate the damages, if any, and said conduct was the sole and proximate cause of said injuries.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to use ordinary care for the safety of his person and property, was negligent and careless concerning the matters set forth in this action, and any damage suffered by him proximately resulted therefrom.

WHEREFORE, Defendant COUNTY OF SACRAMENTO prays for judgment as follows:

1. That Plaintiff's action is dismissed;
2. That Plaintiff takes nothing by way of their Complaint;
3. That Defendant be awarded its costs of suit, including attorney fees; and,
4. For such other relief as the Court deems proper.

Dated: October 23, 2015

PORTER SCOTT
A PROFESSIONAL CORPORATION

By ______________________
Terence J. Cassidy
Ryan P. O'Connor
Attorneys for Defendants
COUNTY OF SACRAMENTO

**JOHN REYES v. COUNTY OF SACRAMENTO, et al.**
**Sacramento County Superior Court, Case No. 34-2015-00184139**

## DECLARATION OF SERVICE

I am a resident of the United States and of the County of Sacramento, California. I am over the age of eighteen years and not a party to the above-entitled action. My business address is 350 University Avenue, Suite 200, Sacramento, California.

On the date below, I served the following:

**DEFENDANT COUNTY OF SACRAMENTO'S ANSWER TO COMPLAINT**

on all parties in the said action as addressed below by causing a true copy thereof to be sent:

__x____BY MAIL. I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in Sacramento, California at the close of the day's business.

_____ BY PERSONAL SERVICE. I caused such document(s) to be delivered by hand to the office of the person(s) listed below

_____ BY OVERNIGHT DELIVERY. I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below:

_____ BY FACSIMILE. I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine.

| **Counsel for Plaintiff** | **For Defendant Pfeifer** |
|---|---|
| Stewart Katz<br>LAW OFFICE OF STEWART KATZ<br>555 University Avenue, Suite 270<br>Sacramento, CA 95825<br>Tel: 916.444.5668 | Robert Chalfant<br>Randolph Cregger & Chalfant LLP<br>1030 G Street<br>Sacramento, CA 95814 |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on October 23, 2015

Jessica Walker

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706